# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| Sederick Reed,<br>    Petitioner, | )<br>)<br>) |
| v. | )   1:14cv652 (TSE/IDD) |
| Eric D. Wilson,<br>    Respondent. | )<br>)<br>)<br>) |

## MEMORANDUM OPINION

Sederick Reed, a federal inmate housed in the Eastern District of Virginia and proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the refusal of the Bureau of Prisons ("BOP") to grant him early release. On November 11, 2014, respondent filed a Motion to Dismiss for Lack of Jurisdiction, a Motion to Dismiss for Failure to State a Claim, and a Motion for Summary Judgment, along with a supporting memorandum with exhibits. Reed was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and he has filed no reply to any of respondent's motions. For the reasons that follow, respondent's Motion for Summary Judgment must be granted, and his Motions to Dismiss will be denied, as moot.

## I.

The following material facts are undisputed. On September 12, 2005, petitioner Reed was convicted in a Louisiana state court of conspiracy to commit armed robbery and sentenced to serve fifteen (15) years in prison. The sentence was subsequently reduced to a term of seven (7) years. Resp. Ex. 1, ¶ 9. On May 29, 2009, Reed was paroled from Louisiana custody. Id. While on parole, Reed committed the federal offense of conspiracy to distribute and possess

cocaine base, and he was sentenced by the United States District Court for the Western District of Louisiana on February 6, 2012 to a 120-month term of incarceration. Id. at ¶ 10, Att. 3. On November 5, 2012, the federal sentence was modified to a 60-month term, to run concurrent with the undischarged portion of the Louisiana state sentence. Id. at ¶ 11, Att. 4.

On February 7, 2013, Reed was determined to be qualified to participate in the Residential Drug and Alcohol Program ("RDAP") at FCI Petersburg. Id. at ¶ 7. Pursuant to 28 C.F.R. § 550.5(a) and BOP Program Statements 5331.01 and 5162.05, an inmate who participates in such a drug treatment program **may** be eligible for early release by a period of up to one year if he: (1) has a diagnosis for a substance abuse disorder; and (2) was sentenced to a term of imprisonment for a non-violent offense. Id. at ¶ 6.[1] Once Reed was determined to be eligible for participation in the RDAP, the Drug Abuse Program Coordinator ("DAPC") at FCI Petersburg conducted an offense review, to ascertain whether he qualified for early release. Id. at ¶ 8. On February 12, 2013, the DAPC determined that Reed was ineligible for the early release incentive on the basis of his prior conviction in Louisiana for conspiracy to commit armed robbery with the underlying offense of robbery. Id. at ¶ 12, Att. 2 at 2. That determination was reviewed and approved by the BOP's Assistant General Counsel. Id. at ¶ 13. Reed successfully completed the RDAP on January 16, 2014. Id. at ¶ 14.

On May 20, 2014, Reed filed this application for § 2241 habeas corpus relief, arguing that he was denied due process of law because the BOP "recently changed its policy" with respect to

---

[1] For purposes of the instant case, it is important to note that early release is foreclosed for a violent crime, and instead is authorized only where the inmate received sentences for non-violent offenses. Conspiracy to commit robbery with the underlying offense of robbery, the crime of which Reed was convicted in Louisiana, is among the crimes for which early release eligibility is excluded. See 28 C.F.R. §§ 550.5(b)(4)(iii) and (b)(6).

2

consideration of a defendant's prior criminal history in determining eligibility for the early release incentive. Pet. at 2. He further contends that the change in the law did not comport with the Administrative Procedure Act ("APA"). As relief, he seeks the issuance of an order directing the BOP to grant him early release pursuant to § 3621(e).[2] Based on the pleadings and record before this Court, it is uncontested that Reed has exhausted available administrative remedies as to these claims.[3] Accordingly, this matter is now ripe for review on the merits.

## II.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[4] Fed. R. Civ. P. 56. The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law,

---

[2]Title 18 U.S.C. § 3621 is titled "imprisonment of a convicted person." Subsection (e) of that provision created RDAP pursuant to Congressional authority to "make available appropriate substance abuse treatment for each prisoner the [BOP] determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b)(5).

[3]In the context of federal habeas petitions challenging sentence computations, parole determinations, or good time credits calculations, courts have required petitioners first to exhaust their administrative remedies. See United States v. Wilson, 503 U.S. 329, 335-36 (1992).

[4]Respondent has moved both for dismissal of the petition and alternatively for summary judgment. Because the facts material to disposition of petitioner's claims are not subject to genuine dispute - indeed, they are derived from his record - the same result would obtain whether the challenge to the petition is evaluated under Fed. R. Civ. P. 12 or Fed. R. Civ. P. 56.

the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. " [T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III.

Petitioner argues first that the BOP's adoption of 28 C.F.R. § 550.55, which was relied upon to deny his participation in the early release program, violates the APA. He appears to assert that the regulation is contrary to the language and intent of 18 U.S.C. § 3621(e), the statute it was designed to implement. However, that argument is meritless, as several courts have recognized. See Whitaker v. Stansberry, No. 3:03cv662, 2009 WL 3762320, at *5 (E.D. Va. Nov. 9, 2009); Savage v. Wilson, No. 3:13cv578, 2014 WL 1902709, at *1 (E.D. Va. May 8, 2014). In Savage, the court determined that "[§ 550.55] and its explanatory statement clearly

satisfied the BOP's obligation to provide a 'rational connection between the facts found and the choice made.' See Lopez [v. Davis], 531 U.S. [230,] 240 [(2001)]." There can be no doubt there is a link between the potential for violent conduct by persons convicted of conspiracy to commit armed robbery and the risk to public safety. There is, therefore, a clear rational connection between an inmate's ineligibility for discretionary early release and an inmate's record of the commission of a violent offense. Thus, as the court in Savage noted, "promulgation of the rule ... [does not] violate the APA." Savage, 2014 WL 1902709, at *5 (citing Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co., 463 U.S. 29, 43 (1983)). Put simply, there is a thoroughly rational connection between the commission of a violent offense and ineligibility for discretionary early release. It follows that the BOP acted well within its regulatory authority in promulgating § 550.55, and Reed's APA argument fails.

To the extent that Reed's APA argument may be read as challenging the individual decision made in his case to deny him eligibility for early release, there is no jurisdiction to undertake such an inquiry. The decision to admit an inmate to RDAP or to its early release eligibility is reserved to the sole discretion of the BOP pursuant to 18 U.S.C. § 3629(e)(2)(B), and judicial review of those subsections is specifically excluded under the APA by the express terms of § 3625. As a result, the BOP's decision to deny Reed access to the discretionary sentence reduction provided by the RDAP is not judicially reviewable. Savage, 2014 WL 1902709, at *3.

Petitioner's alternate position - that his exclusion from the early release incentive violated his right to due process - fares no better. To establish a violation of the Due Process Clause, a

5

petitioner for habeas relief must first identify a liberty or property interest protected by the Fifth Amendment. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 59 (1999). It is well established at this juncture that a convicted prisoner has no constitutionally-protected liberty interest in early discretionary release. Sandin v. Conner, 515 U.S. 472, 484 (1995); Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Thus, if a statute permitting early release places no "substantive limitations on official discretion" in granting such release, it implicates no liberty interest. Olim v. Wakinekona, 461 U.S. 238, 249 (1983). Here, the BOP is vested with virtually unfettered discretion to reduce the sentence of a prisoner "convicted of a nonviolent offense" by § 3621(e). Thus, regardless of whether Reed had a conviction of a violent offense in his past or not, his access to the sentence reduction under RDAP still would be left to the BOP's sole and unreviewable discretion. Accordingly, as several courts have held, denial of access to the RDAP program and its sentence reduction opportunity is insufficient to trigger a liberty interest subject to due process protection. Savage, 2014 WL 1902709, at *5; see also, Cook v. Wiley, 208 F.3d 1314, 1322-23 (11th Cir. 2000); Venegas v. Henman, 126 F.3d 760, 765 (5th Cir. 1997). Accordingly, because the BOP acted within its statutory authority in denying Reed early release, Reed suffered no violation of his right to due process when he was denied access to the discretionary sentence reduction provision of the RDAP, and his contrary argument fails.[5]

---

[5] To the extent that Reed argues that the BOP "recently changed its policy" regarding access to the RDAP and thereby violated his due process rights, Pet. at 2, he is simply mistaken. Beginning with the very first regulations that implemented 18 U.S.C. § 3621 in 1995, the BOP has consistently and categorically excluded prisoners with certain prior offenses, including robbery and conspiracy to commit robbery, from eligibility for sentence reduction for completion of a drug program. See 28 C.F.R. § 550.58 (1995); Resp. Ex.2. Even were that not so, the BOP's current regulations were promulgated in 2009, before Reed committed the federal offense for which is now incarcerated.

## IV.

For the foregoing reasons, respondent's Motion for Summary Judgment will be granted, and his Motions to Dismiss will be denied, as moot. An appropriate Order and Judgment shall issue.

Entered this 2nd day of September, 2015.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge